**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANDEEP SINGH,<br><br>     Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,<br><br>     Respondent. | No. 07-73589<br><br>Agency No. A095-394-912<br><br>MEMORANDUM[*] |

On Petition for Review of Orders
of the Board of Immigration Appeals

Argued and Submitted June 16, 2011
San Francisco, California

Before: BYBEE, and MURGUIA, Circuit Judges, and EZRA, District Judge.[**]

Petitioner argues that the BIA erred in finding that changed country conditions in India rebutted the presumption that he had a well-founded fear of persecution. We have jurisdiction under 8 U.S.C. § 1252, grant the petition for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.
[**]     The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

review, and remand.

"The Attorney General has discretion to grant asylum to any alien who qualifies as a 'refugee' within the meaning of section 101(a)(42)(A) of the [Immigration and Nationality Act]." *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010). It is the applicant's burden to establish his status as a refugee, 8 U.S.C. § 1158(b)(1)(B)(i), which is defined as a person "unable or unwilling" to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion," *id.* § 1101(a)(42)(A); *see also Navas v. INS*, 217 F.3d 646, 654 (9th Cir. 2000).

"A finding of 'well-founded fear of persecution' requires both a showing of 'subjectively genuine' and 'objectively reasonable' fear." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (quoting *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000)). "The subjective component is satisfied by credible testimony that the applicant genuinely fears persecution." *Id.* The objective prong can be satisfied by a rebuttable presumption arising from a showing of past persecution. *Id.*; *see also Lolong v. Gonzalez*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc); 8 C.F.R. § 1208.13(b)(1). The Government can rebut this presumption by showing by a preponderance of the evidence that there has been a "fundamental change in

circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality[.]" *Id.* § 1208.13(b)(1)(i),(ii); *see also Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 997 (9th Cir. 2003) (citing *Rios v. Ashcroft*, 287 F.3d 895, 900 (9th Cir. 2002)).

The Immigration Judge ("IJ") found that "it is normal in the Punjab region" and that the Government had rebutted the presumption of past persecution. The Board of Immigration Appeals affirmed, finding that "the Immigration Judge resasonably determined that, overall, the evidence in the record indicates continued improvements in general in India and, in particular, the Punjab region." We review for substantial evidence, *Li v. Ashcroft*, 356 F.3d 1153, 1157 (9th Cir. 2004) (en banc), and we grant the petition, and remand.

The problem with the IJ's decision is two-fold. First, the IJ relied on reports and documentation based upon evidence that pre-dates the last instance of Petitioner's persecution. The IJ did not identify any evidence suggesting conditions have improved since Petitioner was last persecuted. Second, the IJ did not conduct a sufficiently individualized analysis of how any change in country conditions would affect Petitioner. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) (holding that the "BIA must provide an 'individualized analysis of how

3

changed conditions will affect the specific petitioner's situation.'") (quoting *Borja v. INS*, 175 F.3d 732, 738 (9th Cir. 1999)).

Accordingly, we grant the Petition for Review and remand to the BIA for further proceedings consistent with this opinion. Specifically, the BIA should determine whether evidence in the record post-dating the last instance of Petitioner's persecution rebuts the presumption of a well-founded fear of future persecution and conduct an individualized analysis explaining how changed country conditions affect Petitioner's specific situation.

**PETITION GRANTED and REMANDED.**